## Ford's Estate.

*Donahue, Irwin, Merritt & Gest* and *Cornelius Haggarty, Jr.*, for petitioners.

*Romain C. Hassrick*, contra.

SINKLER, J., January 29, 1932.—This case was heard by the court *in banc* on petition and answer, and no testimony was offered by either the petitioner or respondent.

Two petitions for review of the adjudication of Henderson, J., have been filed, the one by the Dever-Martin Building and Loan Association, obligee and mortgagee in a bond and mortgage given by the decedent, dated October 19, 1926, conditioned for the payment of $15,000 at any time within one year from the date thereof, the other by Thomas P. Ford, obligee and mortgagee in a bond and mortgage dated October 19, 1926, conditioned for the payment of $14,000 at any time within five years from the date thereof. On October 30, 1931, decrees were entered by Henderson, J., upon both petitions directing that a citation be issued against Mary A. Ford as executrix to show cause why the decree of confirmation of her account as executrix should not be vacated and set aside, opened and reviewed, and for such other relief as might be necessary.

Paragraph 4 of the petition of Thomas P. Ford recites that notice by registered mail was given to the executrix on July 14, 1931; that his claim upon

the bond would become due and payable on October 19, 1931, and that he desired payment thereof to be made to him at that time. Paragraph 7 of Ford's petition recites that the executrix was thoroughly familiar with the bond and mortgage by reason of the fact that she paid the six months' interest due April 19, 1931. Her answer admits the averments of paragraph 4 of the petition, but in answer to paragraph 7 of the petition she denies that actual notice was given to her prior to the filing of the adjudication and account. Paragraph 9 of her answer admits that no actual notice of the audit was given to the petitioner, Ford, but avers that the petitioner had filed no claim with her as executrix of the above estate and had given her no notice of any claim, and that the petitioner was, therefore, not entitled to notice of the filing of the account.

The petition of the Dever-Martin Building and Loan Association does not recite that notice was given of the claim of said association to the executrix, but avers that the executrix had knowledge of the existence of the claim as evidenced by the payment of dues and interest at least eight months following the death of her husband. The principal of this bond was due at the time of the decedent's death.

Paragraph 8 of the answer to this petition is similar to the answer to the petition of Ford as a defense for the failure of the executrix to notify the Dever-Martin Building and Loan Association of the audit.

Paragraph (f) of the petition for distribution recites that "all creditors . . . of whose claim the accountant had notice or knowledge have received actual notice of the audit by letter mailed . . . &c." This averment in the petition, which is supported by the executrix's affidavit, is not true. Whether or not the petitioner, Ford, gave notice to the executrix, as he avers and she denies, and although the building association did not give her notice, she had actual knowledge of the existence of both of these claims and yet failed to give notice to the claimants. It is to be observed that the averment in the petition respecting creditors of whose claims the accountant has notice or knowledge is disjunctive, not conjunctive. Had she correctly averred the fact, it would have been somewhat as follows: that she knew of the existence of the claims of Ford and the building association, but had failed to give notice. Had the facts been thus correctly stated in the petition for distribution, the auditing judge would have refused to audit the account until notice had been given and an opportunity to the claimants to present their claims.

The argument presented in behalf of the executrix has been heard orally and the brief has been carefully read. Whatever may be the provisions of the Fiduciaries Act or the rules of court respecting the giving of notice to a fiduciary by a creditor, the audit and adjudication in the present case were predicated upon a false averment in the petition for distribution.

The present case is practically identical with the estate of Laura W. Davis, January Term, 1930, No. 270, in which a decree was made opening an adjudication. The only point of difference is that in the Davis Estate the creditor to whom notice had not been given was a lessee whose claim grew out of rentals accrued after the death of the decedent. We there held that a like averment in the petition for distribution as to notice to creditors of whom the accountant had actual knowledge was false.

In the present case, the bond of the building association was actually due. The bond in favor of Thomas Ford was not due until after the adjudication was filed, but he was nevertheless a creditor of the decedent. The relation of debtor and creditor came into existence as soon as the bond was executed, and the fact that the bond did not mature until five years after its date only deferred the right to proceed upon the bond, and this right was subject to

acceleration for nonpayment of interest or taxes or other default in the terms of the bond.

The auditing judge was misled by the false averment in the petition for distribution, and the prayers of the petitions for review should be granted.

The petitioners will submit appropriate decrees.